IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
TEXAS INSTITUTE FOR HEALTHY KIDS,           )
5903 Long Court                             )
Austin, Texas 78730                         )
                                            )
        Plaintiff,                          )
                                            )  Case No: 18-cv-1844
    v.                                      )
                                            )
UNITED STATES DEPARTMENT OF AGRICULTURE     )
1400 Independence Ave., S.W.                )
Washington D.C. 20250                       )
                                            )
        Defendant.                          )
_____ )
```

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Texas Institute for Healthy Kids ("TIHK") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant United States Department of Agriculture ("USDA") in failing to provide TIHK with all non-exempt records responsive to its December 15, 2018, FOIA request to this agency, seeking records from the Agricultural Research Service (ARS) for the National Nutrient Database for Standard Reference Release 28 pertaining to food research pertaining to the testing of chicken noodle soup,

white bread, eggs, and potatoes.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Texas Institute for Healthy Kids, is a non-profit organization that, at all times relevant herein, is and has been headquartered in Austin, Texas.

5.  Defendant United States Department of Agriculture is federal agency of the United States, and is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about December 15, 2017, TIHK, by and through their attorney, C. Peter Sorenson, sent a FOIA request to the United States Department of Agriculture

(USDA), seeking copies of all agency records compiled by the Agricultural Research Service (ARS) for the National Nutrient Database for Standard Reference Release 28 pertaining to data from the testing of chicken noodle soup, white bread, eggs, and potatoes.

15. On or about December 22, 2017, USDA sent an email to TIHK, by and through their attorney, C. Peter Sorenson, acknowledging its December 18, 2017, FOIA request, and assigning it FOIA No. 2018-REE-01482-F.

16. On or about January 18, 2018, USDA sent an email to TIHK, by and through their attorney C. Peter Sorenson, stating that TIHK's December 15, 2017, FOIA request was being processed, and estimating its response to this FOIA Request would be issued by February 1, 2018.

17. On or about February 1, 2018, USDA, sent an email to TIHK, by and through their attorney C. Peter Sorenson, denying the majority of the information sought by TIHK's December 15, 2017, FOIA request, and instead providing only heavily redacted responsive records, under claim of FOIA exemption (b)(4) [5 U.S.C. § 552(b)(4)].

18. On or about April 18, 2018, TIHK appealed USDA's February 1, 2018, response to their December 15, 2017, FOIA request.

19. On or about April 27, 2018, USDA sent an email to TIHK, acknowledging receipt of their April 18, 2018, FOIA Appeal, and informing TIHK that it was designating this appeal as 2018-REE-00294-A.

20. On or about May 25, 2018, USDA sent an email in response to TIHK's April 18, 2018, administrative appeal, stating that this appeal was being processed, and that the agency hoped to issue a decision by June 25, 2018.

21. As of the date of the filing of this action Plaintiff TIHK has not received a decision on their April 18, 2018, administrative appeal.

## VII. CLAIMS FOR RELIEF

22. TIHK realleges, as if fully set forth herein, paragraphs 1-21 previously set forth herein.

23. Defendant USDA has violated FOIA by failing to provide TIHK with all non-exempt responsive records for its December 15, 2017, FOIA request.

24. By failing to provide TIHKwith all non-exempt responsive record to its December 15, 2017, FOIA request, Defendant USDA has denied TIHK's right to this information, as provided by the law under the Freedom of Information Act.

25. Defendant USDA has also violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to TIHK's December 15, 2017, FOIA request.

26. By failing to perform an adequate search reasonably calculated to locate all responsive records to TIHK December 15, 2017, FOIA request, Defendant USDA has denied TIHK right to this information as provided by law under the Freedom of Information Act.

27.  Unless enjoined by this Court, Defendant USDA will continue to violate TIHK's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

28.  TIHK is directly and adversely affected and aggrieved by Defendant USDA's failure to provide all non-exempt responsive records to its FOIA request described above.

29.  TIHK has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

30. TIHK is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff TIHK respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1.  Declare Defendant USDA has violated FOIA by failing to provide TIHK with all non-exempt records responsive to its December 15, 2017, FOIA request.

2. Declare Defendant USDA has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff TIHK's December 15, 2017, FOIA request.

3. Direct by injunction that Defendant USDA perform an adequate search for records responsive to Plaintiff TIHK's December 15, 2017, FOIA request, and provide TIHK with all non-exempt responsive records to this FOIA request.

4.  Grant Plaintiff its reasonable costs of litigation, including reasonable attorney

fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

    5. Provide such other relief as the Court deems just and proper.

DATED: This 7th day of August, 2018.

Respectfully submitted,

/s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**